IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KIRAN M. DEWAN, CPA, P.A., *et al.*,          *

     Plaintiffs,                              *

        v.                                   *          Civil Action No. RDB-11-02195

ARUN WALIA,                               *

     Defendant.                               *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM OPINION

Plaintiffs Kiran M. Dewan, CPA, PA, an accounting company, and Kiran M. Dewan in his individual capacity (collectively "Plaintiffs") bring this action against Arun Walia ("Defendant") seeking to vacate the Final Arbitration Award[1] ("Final Award") issued on November 18, 2011 in favor of the Defendant by the American Arbitration Association ("AAA"). Specifically, Plaintiffs seek to vacate the award based on Sections 3-224, 3-221 and 3-208[2] of the Maryland Uniform Arbitration Act, Courts and Judicial Procedures § 3-201, *et seq.* ("the MUAA"). Pending before this Court are Plaintiffs' Motion for Partial Summary Judgment on Count I of the Complaint (ECF No. 6) and Plaintiffs' Motion for Leave to File Amended Complaint (ECF No. 17). Also pending before this Court are

---

[1] Plaintiffs' original Complaint filed on August 9, 2011 challenged the Interim Arbitration Award ("Interim Award") issued on July 11, 2011. After the issuance of the Final Award, Plaintiffs' filed an Amended Complaint on December 16, 2011. Although Plaintiffs failed to obtain opposing counsel's consent or to seek leave to amend from this Court prior to filing the Amended Complaint, as discussed below, Plaintiffs' Motion for Leave to File Amended Complaint (ECF No. 17) is GRANTED. As such, this Court will consider the claims made by Plaintiffs in the Amended Complaint.

[2] Plaintiffs essentially challenge the arbitrator's decision to retain jurisdiction over matters related to the dispute until March 2012. As discussed *infra*, the time period having lapsed, Plaintiffs' claim under Section 3-208 is MOOT.

Defendant's Motions to Dismiss the original Complaint and the Amended Complaint (ECF Nos. 8 & 16) pursuant to Rule 12(b)(1) and in the alternative Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The parties' submissions have been reviewed and no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2011).  According to the procedures relating to post-arbitration proceedings, Plaintiffs' Amended Complaint seeking vacation of the Final Award is most commonly viewed as a Petition to Vacate the Award.  For the reasons that follow, Plaintiffs' Motion for Leave to File Amended Complaint (ECF No. 17) is GRANTED and Defendant's Motion to Dismiss the original Complaint (ECF No. 8) is MOOT.  Defendant's Motion to Dismiss the Amended Complaint (ECF No. 16) is GRANTED and Plaintiffs' Petition to Vacate the Award is DENIED.  As a result, the Amended Complaint is DISMISSED WITH PREJUDICE and Plaintiffs' Motion for Partial Summary Judgment on Count I of the Complaint (ECF No. 6) is DENIED.

## BACKGROUND

Judicial "[r]eview of an arbitrator's award is severely circumscribed."  *Apex Plumbing Supply, Inc. v. U.S. Supply Co., Inc.*, 142 F.3d 188, 193 (4th Cir. 1998).  "[A]n arbitrator's fact finding and contract interpretation [are] accorded great deference [along with her] interpretation of the law."  *Upshur Coals Corp. v. United Mine Workers of America*, 933 F.2d 225, 229 (4th Cir. 1991).

Plaintiff Kiran M. Dewan ("Dewan") is a certified public accountant and attorney licensed to practice both professions in Maryland.  Dewan Decl. in Supp. of Mot. for Partial Summ. J. ¶ 2, ECF No. 6-1.  He is also the sole owner of Kiran M. Dewan, CPA, P.A. ("KMDCPA") an accounting firm organized under the laws of Maryland with its principal

place of business located in Maryland.  *Id.* ¶ 2; *see also* Pls.' Am. Compl. ¶ 6, ECF No. 15.[3]

KMDCPA and Dewan will collectively be referred to as "Plaintiffs" in this Memorandum

Opinion and the accompanying Order.

Defendant Arun Walia ("Walia") is a Canadian national who came to the United

States under an H-1B[4] status to work as an auditor and accountant for KMDCPA beginning

on June 3, 2003.  Pls.' Am. Compl. ¶¶ 8, 11; *see also* Interim Award at 3, ECF No. 1-1.

According to Plaintiffs, Walia worked for KMDCPA until August 21, 2009 when he elected

to terminate his employment.  Pls.' Am. Compl. ¶ 13.  Plaintiffs further allege that Walia

soon thereafter divulged confidential information to competitors to obtain new employment,

began to work for a competitor accounting firm,[5] and solicited KMDCPA clients in violation

of his employment agreement.  *Id.* ¶ 20; Interim Award at 16.  As a result, Plaintiffs

commenced arbitration proceedings against Walia on January 29, 2010 who also made

---

[3] Plaintiffs Dewan and KMDCPA filed the original Complaint (ECF No. 1) on August 9, 2011. Subsequently, Plaintiffs filed the Amended Complaint (ECF No. 15) on December 16, 2011. Defendant Walia then moved to dismiss the Amended Complaint as Plaintiffs had neither sought Defendant's consent or leave from this Court to file it.  Plaintiffs responded by filing a Motion for Leave to File Amended Complaint (ECF No. 17), which for the reasons discussed below is GRANTED.  As such, this Court refers to the Amended Complaint to determine the relevant facts of this case.  *See Young v. City of Mt. Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.")(citation omitted).

[4] The H-1B is a nonimmigrant visa allowing United States employers to hire foreign nationals in specialty occupations.  *See* Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101(a)(15)(H).  The term "specialty occupation" includes accounting.  *Id.* at § 1184(i)(3).

[5] Plaintiffs allege that Defendant is presently in the country under the Trade NAFTA (North American Free Trade Agreement) status, which he allegedly obtained through his current employer and "is currently defending removal proceedings before the United States Immigration Courts system under the auspices of the United States Department of Justice."  Pls.' Am. Compl. ¶ 8.  The Trade NAFTA status is a special nonimmigrant status which applies to foreign nationals of Canada and Mexico.  *See* INA, 8 U.S.C. § 1184(e)(2).  This status allows Canadian nationals to practice the professions identified in the Canada-United States Free Trade Agreement (including accounting) legally in the United States.  *See* Canada-United States Free Trade Agreement, 27 I.L.M 281, 363 (1988).

counterclaims of his own.  Pls.' Am. Compl. ¶ 21; Interim Award at 2-3.[6]  Dr. Andrèe Y.

McKissick ("Dr. McKissick" or "the Arbitrator") was selected by the parties to arbitrate *In re*

*Kiran Dewan-Kiran M. Dewan, CPA, PA, Claimant and Arun Walia, Respondent* AAA Case No.

16-116-00125-10 (American Arbitration Association: Commercial Arbitration Tribunal).

Pls.' Am. Compl. ¶ 28.

Plaintiffs relied on two documents to bring their dispute before the arbitration

tribunal.  First, Plaintiffs alleged that Walia violated the no-solicitation and non-compete

provision contained in the May 2006 Employment Agreement entered into by the parties on

May 10, 2006.  Pls.' Am. Compl. ¶ 12; *see also* Employment Agreement ¶ 13, ECF No. 1-3.

The Employment Agreement also contained an arbitration clause which states that:

> Any claim or controversy that arises out of or relates to this agreement, or
> the breach of it, shall be settled by arbitration in accordance with the rules
> of the American Arbitration Association.  Judgment upon the award
> rendered may be entered in any court with jurisdiction.  Submission to
> arbitration does not affect Company's right to Injunctive Relief.

---

[6] According to the Interim Award:

> The thrust of the Claimant's complaint lies in the following areas: (1) Whether or not the
> Respondent breached the Covenant Not to Compete with the Claimaint? (2) Whether or
> not the Respondent solicited clients of the Claimant? (3) Whether or not the
> Respondent divulged confidential information regarding the Claimant to the Claimant's
> competitors? (4) Whether or not the Respondent voluntarily quit his employment with
> the Claimant? . . . [The issues raised by Respondent's counterclaims] are as follows: (1)
> Whether or not the Claimant purposefully withheld an Employee Agreement of 2009?
> Was it submitted to the United States Citizenship and Immigration Services with the
> required Immigration Petitions for the Respondent? (2) Whether or not a Job
> Termination Letter has been issued by the Claimant to the Respondent to this date?
> Whether or not the Claimant continues to be liable to the Respondent for full wages to
> date in compliance with the termination of H-1B employees Regulations? (3) Whether
> or not various tort and contractual claims, delineated in the parties' contentions, are
> viable against the Claimant based upon the Claimant's dual roles as an immigration
> attorney as well as the Respondent's employer? (4) Whether or not the Release
> Agreement was fairly drafted and implemented? Whether or not the Respondent had an
> opportunity to seek independent legal advice prior to signing it? (5) Whether or not the
> Respondent's renewal of the H-1B Petition in 2009 should have been subject to the
> minimum wage $74,069 , level 4 wages?

Interim Award at 2-3.

Employment Agreement ¶ 16.  Second, following claims made by Walia against Plaintiffs in response to their withdrawal of his H-1B status sponsorship on September 8, 2009, the parties entered into the 2009 Employee Settlement and Release Agreement ("2009 Release Agreement") on November 3, 2009.   Pls.'s Am. Compl. ¶¶ 14-16; *see also* Employee Settlement and Release Agreement, ECF No. 1-2 [hereinafter Release Agreement].   In this agreement, Walia accepted $7,000 dollars in exchange for releasing and discharging the

> COMPANY . . . from any and all [federal, state and common law] claims . . . whether now known or unknown, . . .  which EMPLOYEE ever had, now has, or hereafter can, shall or may have . . . relating to  . . . but not limited to matters dealing with EMPLOYEE's employment or termination of employment with the COMPANY. . . .

Release Agreement ¶ 3.  The Release Agreement also contained an arbitration clause by and through which the parties agreed to resolve any dispute arising "concerning this AGREEMENT or its performance [to] binding arbitration administered by the American Arbitration Association . . ." *Id.* ¶ 8.  It is important to note that Dewan claims that he is neither a party to the 2006 Employment Agreement nor to the 2009 Release Agreement in which he "is identified as an intended third-party beneficiary of Walia's release."  Pls.' Am. Compl. ¶ 16.   However, Dewan signed both agreements on behalf of KMDCPA. Employment Agreement at 5; Release Agreement at 3.

Also of significance in this case is Walia's health condition concurrent with these events.   Walia was diagnosed with thyroid cancer and underwent surgery as well as chemotherapy between February 27 and March 31, 2009.  Interim Award at 5.  During that time, Walia claims that Dewan's wife and KMDCPA's Office Manager, came to see him in the hospital to have him sign a new Employment Agreement ("2009 Employment

Agreement") along with other documents. *Id.* at 20, 29. Although Plaintiffs contend that this agreement never existed, the Arbitrator determined, based on strong evidence in the record, that not only had it existed, but also that Plaintiffs had made serious misrepresentations to the arbitration tribunal, the United States Citizenship and Immigration Services ("USCIS") and the Department of Labor.[7] Final Award ¶ 14, ECF No. 13-1; *see also* Interim Award at 29-30.

On July 11, 2011, after hearings lasting four days,[8] the Arbitrator issued an Interim Award largely in favor of Defendant. *See generally* Interim Award, ECF No. 1-1; Pls.' Am. Compl. ¶ 38. In it the Arbitrator concluded that Walia is precluded from bringing "all tort and contractual claims in state and federal courts as well as . . . from receiving attorney's fees" in light of the 2009 Release Agreement. *Id.* at 37. The Arbitrator further held that the employment relationship between the parties was not terminated, that the 2009 Employment Agreement was purposely withheld by Plaintiffs and that the "2003 and 2006 Employment Agreements have lapsed based on the [three-year] Statute of Limitations." *Id.* at 37-38. As a result, the Arbitrator awarded Walia compensatory and punitive Damages. *Id.* At that time, the Arbitrator issued the Interim Award and indicated that she would await the Department of Labor's guidance on issues of "wages, hours, working conditions and false and/or material misrepresentations" in light of its concurrent investigation into the matter. *Id.* at 37.

---

[7] In addition to concluding that the Plaintiffs "purposefully withheld the Employment Agreement of 2009" due to monetary discrepancies in the Interim Award, the arbitrator stated that "it would appear that the Claimant was a party to fraud due to the disparity in the amounts verified in documents presented to the United States Citizenship and Immigration Services and this arbitration tribunal in comparison to his tax returns." Final Award ¶ 14; *see also* Interim Award at 28-30 (the arbitrator's determinations concerning the 2009 Employment Agreement).

[8] The hearings were held on February 18 and 25, 2011 as well as on March 16 and 29, 2011. Pls.' Am. Compl. ¶ 38.

Although the Arbitrator did not receive this input, she issued a Final Award on November 18, 2009 reiterating the same conclusions and laying out the exact amounts owed by Plaintiffs to Walia.  Final Award at 6-7.

Having lost the arbitration proceedings, Plaintiffs filed the original seven-count Complaint in this case seeking vacatur of the Interim Award on August 9, 2011.  Pls.' Compl., ECF No. 1.  Subsequent to the issuance of the Final Award, Plaintiffs filed an Amended Complaint alleging three additional counts.  Pls.' Am. Compl., ECF No. 15. Plaintiffs raise the Maryland Uniform Arbitration Act ("MUAA") grounds applicable to the vacatur of an arbitration award.  MD. CODE., CTS. & JUD PROC., § 3-224(b).  Specifically, Plaintiffs allege that there was no arbitration agreement between Dewan and Walia and that any relief awarded on the basis of the 2009 Employment Agreement must be vacated as that agreement does not exist.  Counts I & VIII, Pls.' Am. Compl. ¶¶ 60-72, 136-144.  Plaintiffs further allege that the Arbitrator exceeded her power, demonstrated partiality, refused to hear evidence material to the controversy as well as awarded attorney's fees and punitive damages to Defendant without any contractual basis allowing for them.  Counts II, IV, V, VI and XI, Pls.' Am. Compl. ¶¶ 73-87, 103-128, 145-154.  Plaintiffs also allege that the award was procured by undue means.  Count III, Pls.' Am. Compl. ¶¶ 88-101.  Additionally, Plaintiffs claim that the Award should be vacated because Walia waived his right to arbitrate claims "for unpaid wages, wage shortfalls and other employment conditions" when he commenced administrative proceedings against Plaintiffs before the Department of Labor pursuant to 8 U.S.C § 1182(n).  Count X, Pls.' Am. Compl. ¶¶ 155-165.  Finally, Plaintiffs

seek to stay further arbitration proceedings in light of the Arbitrator having retained

jurisdiction over these matters until March 2012.  Count VII, Pls.' Am. Compl. ¶¶ 129-135.

Pending before this Court are Plaintiffs' Motion for Partial Summary Judgment on

Count I of the Complaint (ECF No. 6) and Plaintiffs' Motion for Leave to File Amended

Complaint (ECF No. 17).   Also pending before this Court are Defendant's Motions to

Dismiss the original Complaint and the Amended Complaint (ECF Nos. 8 & 16) pursuant to

Rule 12(b)(1) and in the Alternative Rule 12(b)(6) of the Federal Rules of Civil Procedure.

<u>STANDARDS OF REVIEW</u>

## I.    Motion for Leave to Amend Pursuant to Rule 15(a)

Federal Rule of Civil Procedure 15(a), provides that leave to amend "shall be freely

given when justice so requires," and the general rule is that Rule 15(a) be liberally construed.

*See Forman v. Davis*, 371 U.S. 178, 182 (1962).   Accordingly, leave should be denied only

when amending the complaint would prejudice the opposing party, reward bad faith on the

part of the moving party, or would amount to futility.  *Steinburg v. Chesterfield Cnty. Planning*

*Comm'n*, 527 F.3d 377, 390 (4th Cir. 2008).

## II.    Motion to Dismiss Pursuant to Rule 12(b)(1)

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for

lack of subject matter jurisdiction challenges a court's authority to hear the matter brought

by a complaint.   *See Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005).   This

challenge under Rule 12(b)(1) may proceed either as a facial challenge, asserting that the

allegations in the complaint are insufficient to establish subject matter jurisdiction, or a

factual challenge, asserting "that the jurisdictional allegations of the complaint [are] not

true." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted). With respect to a facial challenge, a court will grant a motion to dismiss for lack of subject matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis*, 367 F. Supp. 2d at 799. Where the challenge is factual, "the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F3d at 192. "[T]he court may look beyond the pleadings and 'the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003) (citation omitted). The court "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004); *see also Sharafeldin v. Maryland Dept. of Public Safety & Correctional Services*, 94 F. Supp. 2d 680, 684-85 (D. Md. 2000). A plaintiff carries the burden of establishing subject matter jurisdiction. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

## III.   Judicial Review of an Arbitration Award[9]

Judicial "[r]eview of an arbitrator's award is severely circumscribed." *Apex Plumbing Supply, Inc. v. U.S. Supply Co., Inc.*, 142 F.3d 188, 193 (4th Cir. 1998). "In fact a district court's authority to review an arbitration decision 'is among the narrowest known at law because to allow full scrutiny of such awards would frustrate the purpose of having arbitration at all.'" *AO Techsnabexport v. Globe Nuclear Services and Supply, Ltd.*, 656 F. Supp. 2d 550, 554 (D. Md.

---

[9] Although Defendant moves to dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, this Court construes his motion under the judicial review standard applicable to arbitration awards.

2009) (quoting *Three S. Delaware, Inc. v. DataQuick Information Systems, Inc.*, 492 F.3d 520, 527 (4th Cir. 2007). "A court must determine only whether the arbitrator did his job—not whether he did it well, correctly, or reasonably, but simply whether he did it." *PPG Indus. Inc. v. Int'l Chem. Workers Union Council*, 587 F.3d 648, 652 (4th Cir. 2009) (internal quotation marks omitted).

As such, "an arbitrator's fact finding and contract interpretation [are] accorded great deference [along with his] interpretation of the law." *Upshur Coals Corp. v. United Mine Workers of America*, 933 F.2d 225, 229 (4th Cir. 1991). "A legal interpretation of an arbitrator may only be overturned where it is in manifest disregard of the law." *Id.* (citation omitted). Even where a court disagrees, it "must uphold [an arbitrator's contract interpretation] so long as it 'draws its essence from the agreement.'" *Id.* (citing *United Steelworkers v. Enterprise Wheel and Car Corp.,* 363 U.S. 593, 597 (1960); *Holcomb v. Colony Bay Coal Co.,* 852 F.2d 792, 795 (4th Cir. 1988)). This Court has recently held that an arbitrator's decision is only subject to vacatur where the moving party demonstrates "that the arbitrator was aware of the law, understood it, found it applicable to the case at hand, and still chose to ignore it in making his decision." *Amerix Corp. v. Jones*, 2012 WL 141150, at *7 (D. Md. Jan. 17, 2012) (Motz, J.) (citing *Remmey v. PaineWebber, Inc.*, 32 F.3d 143, 149 (4th Cir. 1994). "As a general proposition, a federal court may vacate an arbitration award only upon a showing of one of the grounds specified in the Federal Arbitration Act ("FAA"), *see* 9 U.S.C. § 10(a),[10] or

---

[10] A United States court may only vacate an arbitration award pursuant to the FAA:

> (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the

upon a showing of certain limited common law grounds." *Patten v. Signator Ins. Agency, Inc.,* 441 F.3d 230, 234 (4th Cir. 2006). "The permissible common law grounds for vacating such an award . . . include those circumstances where an award fails to draw its essence from the contract, or the award evidences a manifest disregard of the law." *Id.*

The Maryland Uniform Arbitration Act ("MUAA"), Maryland Code, Courts and Judicial Proceedings Article, §§ 3-201 *et seq.*, is the "state analogue" of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 *et seq. Walther v. Sovereign Bank*, 872 A.2d 735, 742 (Md. 2005). Under both the FAA and the MUAA, the party moving to vacate the arbitration award bears the burden of proof. *See, e.g., Jih v. Long & Foster Real Estate, Inc.,* 800 F. Supp. 312, 317 (D. Md. 1992); *Baltimore Teachers Union, Am. Fed. of Teachers, Local 340 v. Mayor of Baltimore*, 671 A.2d 80 (Md. App. 1996) (citation omitted), *cert. denied,* 677 A.2d 565 (Md. 1996). The grounds to vacate an arbitration award under both statutes are largely similar except that the lack of an arbitration agreement is only an available ground for vacatur under the MUAA. Specifically, the Court may only vacate an award under the MUAA where:

> (1) An award was procured by corruption, fraud, or other undue means; (2) [t]here was evident partiality by an arbitrator appointed as a neutral, corruption in any arbitrator, or misconduct prejudicing the rights of any party; (3) [t]he arbitrators exceeded their powers; (4) [t]he arbitrators refused to postpone the hearing upon sufficient cause being shown for the postponement, refused to hear evidence material to the controversy, or otherwise so conducted the hearing . . . as to prejudice substantially the rights of any party; or (5) [t]here was no arbitration agreement . . . the issue

---

controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

was not adversely determined in proceedings . . . and the party did not participate in the arbitration hearing without raising the objection.

MD. CODE., CTS. & JUD PROC., § 3-224(b).  In Maryland, "[c]ourts generally refuse to review arbitration awards on the merits, reasoning that the parties are required 'to submit to the judgment of the tribunal of their own selection and abide by the award.' "  *Int'l Ass'n of Firefighters, Local 1619 v. Prince George's County*, 538 A.2d 329, 332 (Md. 1988) (quoting *Roberts Bros. v. Consumers' Can Co.*, 62 A. 585, 587 (Md. 1905).

ANALYSIS

## I.     Plaintiffs' Motion for Leave to File Amended Complaint (ECF No. 17)

Defendant Walia argues that this Court should not consider Plaintiffs' Amended Complaint because Plaintiffs' neither obtained Defendant's consent nor sought leave from this Court before filing the amended pleading.  While it is true that Plaintiffs' did not first seek Defendant's consent or leave from this Court, they subsequently sought to cure this issue by filing a Motion for Leave to File Amended Complaint.  Federal Rule of Civil Procedure 15(a), provides that leave to amend "shall be freely given when justice so requires," and the general rule is that Rule 15(a) be liberally construed.  *See Forman v. Davis*, 371 U.S. 178, 182 (1962).  Specifically, the Supreme Court observed that "[i]n the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive . . . undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. - the leave sought should, as the rules require, be 'freely given.' "  *Id.* at 182. Accordingly, leave should be denied only when amending the pleading would unduly prejudice the opposing party, reward bad faith on the part of the moving party, or would amount to futility.  *Steinburg v. Chesterfield Cnty. Planning Comm'n*, 527 F.3d 377, 390 (4th Cir.

2008).  The United States Court of Appeals for the Fourth Circuit has held that no undue prejudice exists where a "defendant was from the outset made fully aware of the events giving rise to the action."  *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980), *cert dismissed* 448 U.S. 911 (1980).

In this case, Defendant does not contend that he is unduly prejudiced by the Amended Complaint nor does he argue that the amendment is futile.  While Defendant contends that the original Complaint was filed in bad faith, he fails to argue that the Amended Complaint was itself filed in bad faith.  Moreover, the record does not indicate the existence of undue prejudice, bad faith or futility.  Accordingly, Plaintiffs' Motion for Leave to File Amended Complaint is GRANTED.

## II.    Defendant's Motion to Dismiss the Amended Complaint (ECF No. 16)

A.  Diversity of Citizenship

Plaintiffs' assert that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2) in that complete diversity of citizenship exists and the amount in controversy exceeds $75,000.  However, Defendant contends that complete diversity does not exist because he is domiciled and resides in the state of Maryland.

Federal diversity jurisdiction requires complete diversity of citizenship between the plaintiffs and defendants.  28 U.S.C. § 1332(a).  "For purposes of this section, . . . an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled."  *Id.*  However, this Court has recently held that "foreign nationals not admitted by the United States Citizenship and Immigration Services ("USCIS") as permanent residents are not "citizens" of their state of domicile, no matter how long there

they live." *Awah v. Best Buy Stores*, DKC-10-2748, 2010 WL 4963014, at * 2 (D. Md. Nov. 3, 2010) (citing *Foy v. Schantz, Schatzman & Aronson*, 108 F.3d 1347, 1349 (11th Cir. 1997). Moreover, it is well established that "state citizenship for purposes of diversity jurisdiction depends not on residence, but on national citizenship and domicile." *Axel Johnson, Inc. v. Carroll Carolina Oil Co.*, 145 F.3d 660, 663 (4th Cir. 1998) (citing *see, e.g., Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989) ("In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States *and* be domiciled within the State.") (emphasis in original). Mere allegations of residence are insufficient standing alone. *Axel Johnson, Inc.*, 145 F.3d at 663 (citation omitted). Being domiciled "requires physical presence, coupled with an intent to make the State a home." *Johnson v. Advance Am., Cash Advance Ctrs. of S.C., Inc.*, 549 F.3d 932, 937 n. 2 (4th Cir. 2008) (citation omitted).

In this case, Defendant Walia is a foreign national from Canada. Although he indicates that he is both domiciled and resides in the State of Maryland, Walia is neither a citizen nor a permanent resident of the United States. Accordingly, complete diversity of citizenship exists between the parties and this Court has subject matter jurisdiction.

B.  Judicial Review of the Arbitration Award

Defendant Walia argues that Plaintiffs Dewan and Kiran M. Dewan, CPA, P.A. ("KMDCPA")'s Amended Complaint seeking to vacate the arbitration award should be dismissed. In fact, Plaintiffs move this Court to vacate the Final Award under Sections 3-224(b) and 3-221(b) of the Maryland Uniform Arbitration Act ("MUAA"), Maryland Code,

Courts and Judicial Proceedings Article, §§ 3-201, *et seq.*[11]  Specifically, Plaintiffs contend that the award was the product of undue means, that Dr. McKissick exceeded her powers, refused to hear evidence material to the controversy, committed misconduct and evidenced partiality prejudicing their rights.  Plaintiffs further challenge Dr. McKissick's finding that a 2009 Employment Agreement was signed and her determination that despite the enforceability of the 2009 Release Agreement, Defendant was entitled to recovery under the "lost" 2009 Employment Agreement.   Additionally, Plaintiffs challenge the award of attorney's fees to Defendant and the participation of Plaintiff Dewan as a party to the arbitration.

In Maryland, the MUAA "governs the enforceability of arbitration agreements." *Lang v. Levi*, 16 A.3d 980, 985 (Md. App. 2011) (citing *Mandl v. Bailey*, 858 A.2d 508, 520 (Md. App. 2004).  As a preliminary matter, the MUAA imposes a 30-day statute of limitations on the filing of petitions to vacate arbitration awards.  MD. CODE., CTS. & JUD PROC., § 3-224(a).  "[T]his time limit is mandatory and cannot be circumvented."  *Hott v. Mazzacco*, 916 F. Supp. 510, 514 n. 4 (D. Md. 1996).  However, this requirement is not jurisdictional.  *Id.*  In this case, Plaintiffs filed the Complaint within 30 days of the issuance of the Interim Award and filed the Amended Complaint within 30 days of the issuance of the Final Award.  For all intents and purposes, Plaintiffs complied with Section 3-224(a)'s timely filing requirement.

Judicial review of arbitration awards is "severely restrict[ed]" in support of the "policy favoring arbitration as an alternative dispute resolution method."  *Mandl*, 858 A.2d at 520

---

[11] Count VII of the Amended Complaint requests a stay of further arbitration pursuant to Section 3-208 of the MUAA.  Specifically, Plaintiffs challenge Dr. McKissick's decision to retain jurisdiction over the arbitrable issues in this case for one year starting on March 29, 2011.  As the year has now lapsed, this issue is MOOT and Count VII is DISMISSED WITH PREJUDICE.

(citation omitted); *see also AO Techsnabexport v. Globe Nuclear Services and Supply, Ltd.*, 656 F. Supp. 2d 550, 553 (D. Md. 2009) (citing *Three S Delaware, Inc. v. DataQuick Information Systems, Inc.*, 492 F.3d 520, 527 (4th Cir. 2007)); *see also Apex plumbing Supply, Inc. v. U.S. Supply Co.*, 142 F.3d 188, 193 (4th Cir. 1998) ("Review of an arbitrator's award is severely circumscribed."). "[T]he standard of review of arbitral awards 'is among the narrowest known to the law.' " *Letke Sec. Contractors, Inc. v. United States Sur. Co.*, 991 A.2d 1306, 1312 (Md. App. 2010) (citing *Litvak Packing Co. v. United Food & Commercial Workers, Local Union No. 7*, 886 F.2d 275, 276 (10th Cir.1989)). The Court of Special Appeals of Maryland has also held that it would "not vacate an arbitration award simply because the court would not have made the same award as the arbitrator, or for mere legal error." *Letke Sec. Contractors*, 991 A.2d at 1312-13. Additionally, it noted in a parenthetical that "[o]nce a binding [arbitration] award has been rendered, issues settled by the award are no longer subject to future arbitration or litigation." *Redemptorists v. Coulthard Services, Inc.*, 801 A.2d 1104, 1125 (Md. App. 2002) (citing Martin Domke, D*omke on Commercial Arbitration* § 31:02, at 452 (2d ed. 1984).

Judicial review of an arbitration award under the MUAA is "specific, extremely limited . . . such that any post-arbitration proceeding will not constitute a renewed adjudication of the merits of the controversy." *Shailendra Kumar, P.A. v. Dhanda*, 43 A.3d 1029, 1038 n. 7 (Md. 2012). "Courts generally refuse to review arbitration awards on the merits, reasoning that the parties are required 'to submit to the judgment of the tribunal of their own selection and abide by the award.' " *Int'l Ass'n of Firefighters, Local 1619 v. Prince George's County*, 538 A.2d 329, 332 (Md. App. 1988) (quoting *Roberts v. Consumers Can. Co.*, 62

A. 585 (Md. 1905).   A court's ability to vacate the award under the MUAA is "narrowly

confined" to the following grounds:

> (1) An award was procured by corruption, fraud, or other undue means;
> (2) There was evident partiality by an arbitrator appointed as a neutral, corruption in any arbitrator, or misconduct prejudicing the rights of any party;
> (3) The arbitrators exceeded their powers;
> (4) The arbitrators refused to postpone the hearing upon sufficient cause being shown for the postponement, refused to hear evidence material to the controversy, or otherwise so conducted the hearing . . . as to prejudice substantially the rights of any party; or
> (5) There was no arbitration agreement . . . the issue was not adversely determined in proceedings . . . and the party did not participate in the arbitration hearing without raising the objection.

MD. CODE., CTS. & JUD PROC., § 3-224(b); *Mandl*, 858 A.2d at 521.   The MUAA also

provides that "[t]he court shall not vacate the award or refuse to confirm the award on the

ground that a court of law or equity could not or would not grant the same relief." *Id.* § 3-

224(c).   Specifically, "under the MUAA, factual findings by an arbitrator are virtually

immune from challenge and decisions on issues of law are reviewed using a deferential

standard on the far side of the spectrum away from a usual, expansive *de novo* standard."

*Mandl*, 858 A.2d at 525 (citation omitted) (emphasis in original).   "Only a *completely irrational*

*decision* by an arbitrator on a question of law, so extraordinary that it is tantamount to the

arbitrator's exceeding his powers, will warrant the court's intervention."   *Id.* (emphasis

added).   Furthermore, the party moving to vacate an arbitration award bears the 'heavy

burden' of showing that the award is invalid.   *See Baltimore Teachers Union, Am. Fed. Of*

*Teachers, Local 340 v. Mayor of Baltimore*, 671 A.2d 80, 87 (Md. App. 1996), *cert denied*, 677 A.2d

565 (Md. 1996).   The movant "bears the burden of showing, by the record, that the error

occurred.   Mere allegations and arguments contesting the validity of an award,

unsubstantiated by the record, are insufficient to meet that burden." *Kovacs v. Kovacs*, 663 A.2d 425, 432 (Md. App. 1993).

Plaintiffs' claims before this Court are almost identical to the ones presented before the arbitration tribunal. Essentially, in bringing this action Plaintiffs have asked this Court to second-guess the well-reasoned award issued by the arbitrator, Dr. McKissick.

Moreover, the record reflects that Plaintiff Dewan, as the sole owner of KMDCPA and an attorney, drafted the agreements signed between the parties and represented Defendant Walia in his immigration matters. As far as the agreements are concerned, the record reflects that Dewan included binding arbitration provisions in both the 2006 Employment Agreement and the 2009 Release Agreement. Pursuant to these agreements, Dewan commenced arbitration proceedings on behalf of himself and KMDCPA against Defendant Walia and agreed to the institution of Dr. McKissick as arbitrator over the arbitration dispute. Now, having received an unfavorable result in his forum of choice, Dewan petitions this Court to vacate the award.

This Court has previously held that an arbitrator's award should not be disturbed "(a) so long as the interpretation was not arbitrary; (b) even where the award permits an inference that the arbitrator may have exceeded its authority; or (c) merely because the court believes that sound legal principles were not applied." *Communications Equipment Workers, Inc. v. Western Elec. Co.*, 320 F. Supp. 1277, 1279 (D. Md. 1970), *aff'd*, 1971 WL 2967 (4th Cir. May 27, 1971) (citations omitted). However, a court may interfere with an award "where the arbitrator (a) clearly went beyond the scope of the submission; (b) where the authority to make the award cannot be found or legitimately assumed from terms of the arbitration

agreement; or (c) if the arbitrator made a determination not required for a resolution of the dispute." *Id.* at 1280 (citations omitted).   Having thoroughly reviewed the record in this case, this Court finds substantial support for the decisions made by the arbitrator, that the arbitrator did not go beyond the scope of the submissions, and that the arbitrator's determinations were not arbitrary.   Additionally, Plaintiffs do not do not meet their heavy burden of proof with respect to any of the applicable grounds to vacate an arbitration award under the MUAA.   Therefore, Plaintiffs' Petition to Vacate the Award is DENIED and Plaintiffs' Amended Complaint is DISMISSED WITH PREJUDICE.   Accordingly, Defendant's Motion to Dismiss the Amended Complaint is GRANTED.[12]

C.  <u>Disclosure of Personal Identifier</u>

In the Motion to Dismiss the Amended Complaint, Defendant also requests that the Dewan's Second Declaration (ECF No. 11-1) be stricken from the record along with the Form CBP I-94 (ECF No. 11-2) submitted as an exhibit to said Affidavit as it disclosed Defendant's full birth date in violation of Rule 5.2(a)(2) of the Federal Rules of Civil Procedure.   Defendant argues that this disclosure exposes him to financial and credit related consequences as his personal identifier was available on the web for over 101 days.   *See* Def.'s Resp. to Pls.' Supp. Filing of Redacted R. Ex. 11-2, ECF No. 20.   Defendant additionally requests that this Court grant him attorney's fees to allow him to defend and protect his personal identifier.

---

[12] Furthermore, Defendant requests to be awarded reasonable costs, expenses and attorney's fees in relation to these proceedings should this Court Dismiss Plaintiffs' Amended Complaint.   In light of this Court's dismissal of Plaintiffs' Amended Complaint with prejudice, Defendant is permitted to submit supplemental briefing, of no more than five (5) pages, indicating the grounds under which he is entitled to these monetary costs.   Plaintiffs' will then be permitted to file a response.

In response to Defendant's Motion, Plaintiffs requested that the document be blocked from public review and submitted a redacted version of the Form CBP I-94 to serve as a substitute for docket entry ECF No. 11-2.  *See* Line Supp. Filing of Redacted Ex. 11-2, ECF No. 19.   Alternatively, Plaintiffs argue that the disclosure was an oversight and that Defendant waived his right under Rule 5.2(a) by filing his Maryland driver's license as an exhibit to his Motion to Dismiss without redacting the renewal date, which in Maryland occurs on one's birthday.

The record demonstrates no intent on behalf of the Plaintiffs and no harm or damage to Defendant in relation with this inadvertent disclosure.   Moreover, Defendant himself disclosed his birthdate in his submissions to this Court.   Finally, Plaintiffs' have already cured the defect relating to the Form CBP I-94 submitted as an Exhibit to Dewan's Second Declaration.   Consequently, Dewan's Second Declaration need not be stricken.

<u>CONCLUSION</u>

For the reasons stated above, Plaintiffs' Motion for Leave to File Amended Complaint (ECF No. 17) is GRANTED and Defendant's Motion to Dismiss the original Complaint (ECF No. 8) is MOOT.   Defendant's Motion to Dismiss the Amended Complaint (ECF No. 16) is GRANTED and Plaintiffs' Petition to Vacate the Award is DENIED.   As a result, the Amended Complaint is DISMISSED WITH PREJUDICE and Plaintiffs' Motion for Partial Summary Judgment on Count I of the Complaint (ECF No. 6) is DENIED.

A separate Order follows.

Dated:          August 3, 2012                    /s/_____
                                                 Richard D. Bennett
                                                 United States District Judge