IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| KIRAN M. DEWAN, CPA, P.A., *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No.: RDB-11-2195 |
| | * | |
| ARUN WALIA, | * | |
| Defendant. | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM ORDER

Plaintiffs Kiran M. Dewan, CPA, P.A. and Kiran M. Dewan in his individual capacity (collectively "Plaintiffs") brought an action against Arun Walia ("Defendant") seeking to vacate an arbitration award in favor of the Defendant. This Court denied Plaintiffs' Petition to Vacate the Award and granted Defendant's Motion to Dismiss the Plaintiffs' Amended Complaint. Now pending before this Court are two additional motions: Plaintiffs' Motion for Reconsideration (ECF No. 37) and Defendant's Motion for Leave to File Petition to Confirm and Enforce the Arbitrator's Award and Entry of Judgment Against Plaintiffs (ECF No. 35). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons stated below, Plaintiffs' Motion for Reconsideration will be DENIED, and Defendant's Motion for Leave to File Petition to Confirm and Enforce the Arbitrator's Award and Entry of Judgment Against Plaintiffs will be GRANTED.

## BACKGROUND

The facts of this case are fully set forth in this Court's Memorandum Opinion issued on August 3, 2012 (ECF No. 28).  A brief summary of the facts will adequately frame the pending motions.

Plaintiff Kiran M. Dewan ("Mr. Dewan") is a certified public accountant and attorney licensed to practice both professions in Maryland.  Dewan Decl. in Supp. of Mot. for Partial Summ. J. ¶ 2, ECF No. 6-1.  Mr. Dewan is the sole owner of Kiran M. Dewan, CPA, P.A. ("KMDCPA"), an accounting company organized under Maryland law and with its principal place of business in Maryland.  *Id.*  Defendant Walia ("Defendant" or "Mr. Walia") is a Canadian national who worked as an auditor and accountant for KMDCPA under an H1-B status.[1]  Mr. Walia was employed by KMDCPA from 2003 until August 21, 2009, when he elected to terminate his employment.  Pls.' Am. Compl. ¶¶ 11, 13.

On January 29, 2010, Plaintiffs initiated arbitration proceedings against Mr. Walia, alleging that he breached various provisions of the parties' May 2006 Employment Agreement.  *Id.* ¶ 21.  In response, Mr. Walia raised several counterclaims.  Interim Award, ECF No. 1-1, at 37-38.  Dr. Andrèe Y. McKissick ("Arbitrator") of the American Arbitration Association arbitrated the proceeding and issued an Interim Award largely in the Defendant's favor on July 11, 2011.  Interim Award 37-38; Pls.' Am. Compl ¶ 40.  On November 18, 2011, the Arbitrator issued a Final Award, reiterating the findings and conclusions contained in the Interim Award.  Final Award, ECF No. 13-

---

[1] Pls. Am. Compl. ¶¶ 8, 11, ECF No. 15.  The H1-B visa program allows employers in the United States to hire foreign nationals in specialty occupations.  *See* Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101(a)(15)(H).

1.  The Arbitrator's Final Order dismissed all but one of the Plaintiffs' claims,[2] granted the Defendant's counterclaims,[3] and awarded the Defendant compensatory and punitive damages.  *Id.*

Having lost at the arbitration proceeding which they initiated, Plaintiffs filed this action on August 9, 2011, requesting vacatur of the Interim Award.  On December 16, 2011, Plaintiffs filed an Amended Complaint (ECF No. 15) that addressed the Arbitrator's Final Award.  They asserted several grounds for vacating the award, namely, that there was no arbitration agreement; that Mr. Walia waived his right to arbitrate claims for wage shortfalls; as well as that the Arbitrator exceeded her power, demonstrated partiality, refused to hear evidence material to the controversy, and awarded attorney's fees and punitive damages where there was no contractual basis for doing so. This Court denied Plaintiffs' Motion to Vacate the Award and granted Defendant's Motion to Dismiss the Amended Complaint in a Memorandum Opinion issued on August 3, 2012 (ECF No. 28).

Pending before this Court are Plaintiffs' Motion for Reconsideration (ECF No. 37) and Defendant's Motion for Leave to File Petition to Confirm and Enforce the Arbitrator's Award and Entry of Judgment Against Plaintiffs (ECF No. 35).  Plaintiffs' Motion for Reconsideration relies centrally on their claim that this Court should have performed de novo review of the question whether arbitration proceeding was authorized.  Pls.' Mot. to Recons. 6-7.  They insist that no arbitration agreement exists, and that this Court would have agreed if it had performed more searching judicial review.  *Id.*  Plaintiffs specifically argue that de novo review is required to

---

[2] The Arbitrator found that the Employment Agreement of 2009, in which Mr. Walia waived certain claims against his employer, was valid and enforceable.  Interim Award 28.

[3] The Arbitrator found that Mr. Walia was owed wage shortfalls and medical and disability expenses.  Interim Award 38.  She also awarded Mr. Walia punitive damages for having to defend against the Plaintiffs' "baseless claims."  *Id.*  Moreover, the Arbitrator found that Mr. Walia was still

determine three jurisdictional issues: (1) whether there was an arbitration agreement authorizing arbitration of Defendant's counterclaims arising under the Immigration and Nationality Act, 8 U.S.C. § 1182(n), (2) whether there was an arbitration agreement authorizing proceedings against Mr. Dewan in his individual capacity, and (3) whether the 2009 Employment Agreement exists. Pls.' Mot. to Recons. 7-13. Additionally, Plaintiffs reassert an argument from their previous Motion to Vacate that the Arbitrator exceeded her powers in awarding damages to the Defendant.

## STANDARD OF REVIEW

Rule 59(e) of the Federal Rules of Civil Procedure provides that "[a] motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The United States Court of Appeals for the Fourth Circuit has repeatedly recognized that a judgment may be amended in only three circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citing *EEOC v. Lockheed Martin Corp., Aero & Naval Sys.*, 116 F.3d 110, 112 (4th Cir. 1997); *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)). Rule 59(e) does not permit a party to "raise arguments which could have been raised prior to the issuance of the judgment," nor does it enable a party to "argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pacific Ins. Co.*, 148 F.3d at 403.

Moreover, "[t]he district court has considerable discretion in deciding whether to modify or amend a judgment." *Id.* Such motions do not authorize a "game of hopscotch," in which parties switch from one legal theory to another "like a bee in search of honey." *Cochran v. Quest Software,*

---

employed by KMDCPA because he never received a Letter of Termination. *Id.* at 37.

*Inc.*, 328 F.3d 1, 11 (1st Cir. 2003).   In other words, a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment."   *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting 11 Wright, *et al.*, *Federal Practice and Procedure* § 2810.1, at 127-28 (2d ed. 1995)). Where a party seeks reconsideration on the basis of clear error, the earlier decision cannot be "just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week old, unrefrigerated dead fish."   *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009) (quoting *Bellsouth Telesensor v. Info. Sys. & Networks Corp.*, Nos. 92-2355, 92-2437, 1995 WL 520978 at *5 n.6 (4th Cir. Sept. 5, 1995)).   "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly."   *Id.* (internal citations and quotation marks omitted).

<u>ANALYSIS</u>

**I.     Plaintiffs' Motion for Reconsideration (ECF No. 37)**

At bottom, Plaintiffs' arguments in their Motion for Consideration boil down to two: (1) this Court should have applied de novo review to the jurisdictional issues raised in their Motion to Vacate, and (2) the Arbitrator exceeded her powers by awarding the Defendant damages.   The arguments will be addressed in that order.

**A.     The Arbitrator's Jurisdiction to Arbitrate Plaintiffs' and Defendant's Claims**

Plaintiffs contend that this Court made a clear error of law by failing to perform de novo review in resolving the jurisdictional questions in this case.   Specifically, they claim that this Court should have performed de novo review in evaluating whether an arbitration agreement existed that authorized the various findings and conclusions in the Final Award.

Plaintiffs cite *Messersmith v. Barclay Townhouse Associates*, 547 A.2d 1048 (Md. 1988), for the proposition that de novo review is required for jurisdictional questions.  In *Messersmith*, the Maryland Court of Appeals explained that while a district court usually applies a deferential standard of review to an arbitration award, de novo review is required to determine whether an arbitration agreement exists in the first place.  *Id.* at 1051-54 ("[A]n award issued by an arbitration panel acting without jurisdiction should be accorded no deference at all on appeal, when the basis for appeal is that there was no agreement to arbitrate.").  *Messersmith* provides the Plaintiffs no relief, however, because this Court thoroughly reviewed the record and found that Mr. Dewan entered binding arbitration agreements in both 2006 and 2009 Employment Agreements.  Mem. Op. at 18 ("As far as the agreements are concerned, the record reflects that Dewan included binding arbitration provisions in both the 2006 Employment Agreement and the 2009 Release Agreement.").  Thus this Court performed de novo review as required by *Messersmith*.

Plaintiffs further challenge the Arbitrator's jurisdiction over the Defendant's counterclaims for back wages and wage shortfalls, which arise out of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1101(a)(15)(H)(i)(b), 1182(n).  Because the INA includes a comprehensive remedial scheme, Plaintiffs argue that the Defendant's INA counterclaims were not amenable to arbitration. To support their assertion, Plaintiffs cite *Venkatraman v. REI Systems, Inc.*, 417 F.3d 418 (4th Cir. 2005), in which the Court of Appeals for the Fourth Circuit found that Congress afforded no private right of action in federal court for alleged violations of the INA.  Plaintiffs also point to *Montgomery County v. FOP Montgomery County Lodge 35*, 810 A.2d 519 (Md. Ct. Spec. App. 2002), in which the Maryland Court of Special Appeals precluded arbitration of a dispute for which the governing state statute provided the exclusive remedy.

6

Again, Plaintiffs' arguments fail because this Court found, after performing de novo review, that the Arbitrator had jurisdiction to hear the Defendant's counterclaims. Mem. Op. at 19 ("Having thoroughly reviewed the record in this case, this Court finds substantial support for the decisions made by the arbitrator . . . ."). Although the Court of Appeals in *Venkatraman* found that the INA affords no private right of action, the Court did not preclude arbitration of claims under the INA. Plaintiffs' argument seems to "rests on suspicion of arbitration as a method of weakening the protections afforded in the substantive law." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 29 (1991) (internal citations and quotation marks omitted). This sort of argument, the Supreme Court has explained, is "far out of step with our current strong enforcement of the federal statutes favoring [the arbitral] method of resolving disputes." *Id.* (internal citation and quotation marks omitted). Plaintiffs show no clear error of law on this point.

Plaintiffs' reliance on *Montgomery County* is also inapt. The state statute at issue in *Montgomery County* expressly stated that disputes "may not be the subject of binding arbitration." 810 A.2d at 525. The court logically found, based on the plain meaning of the statute, that parties could not submit their statutory claims to arbitration. *Id.* at 526. In this case, Plaintiffs have not shown that the INA precludes the use of arbitration proceedings. Indeed, in employment disputes the Supreme Court has rejected "the supposition that the advantages of the arbitration process somehow disappear when transferred to the employment context." *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 123 (2001). Finding no clear error of law, this Court reaffirms its conclusion that the Arbitrator had jurisdiction to resolve the Defendant's counterclaims.

Finally, Plaintiffs make two related arguments regarding the Arbitrator's lack of jurisdiction. They contest that under *Messersmith* this Court should have performed de novo review in deciding

7

whether an arbitration agreement applied to Mr. Dewan in his individual capacity and whether the Employment Agreement of 2009 existed.  In accordance with *Messersmith*'s directive of de novo review, this Court thoroughly reviewed the record and found that the Arbitrator had jurisdiction over the claims in arbitration. Mem. Op. 18-19.  At this stage, the Plaintiffs' attempt to revive their argument that they never committed themselves to an arbitration agreement falls on deaf ears.  As the Court of Appeals for the Fourth Circuit has held, a Rule 59(e) motion "may not be used to relitigate old matters."  *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

### B.      The Arbitrator Did Not Exceed Her Powers

Plaintiffs also argue that this Court should reconsider its decision that the Arbitrator did not exceed her powers in awarding the Defendant compensatory and punitive damages.  Plaintiffs acknowledge that the standard of review for this challenge is extremely deferential.  Pls.' Mot. to Recons. 5.  Nevertheless, they continue to contend that the award of damages was arbitrary.

Judicial review of an arbitrator's award is "severely circumscribed." *Apex Plumbing Supply, Inc. v. U.S. Supply Co.*, 142 F.3d 188, 193 (4th Cir. 1998).  "In fact a district court's authority to review an arbitration decision is among the narrowest known at law because to allow full scrutiny of such awards would frustrate the purpose of having arbitration at all." *AO Techsnabexport v. Globe Nuclear Servs. & Supply, Ltd.*, 656 F. Supp. 2d 550, 554 (D. Md. 2009) (internal citation and quotation marks omitted).  Applying deferential review to the Arbitrator's award, it is clear that her decision was not arbitrary.  Plaintiffs fail to show a "clear error of law" warranting reconsideration of this Court's previous decision. *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).  Accordingly, Plaintiffs' Motion for Reconsideration is denied.

### II.     Defendant's Motion for Leave to File Petition to Confirm and Enforce the Arbitrator's Award and Entry of Judgment Against Plaintiffs (ECF No. 35)

The second issue to be addressed is Defendant Walia's Motion for Leave to File Petition to Confirm and Enforce the Arbitrator's Award and Entry of Judgment Against Plaintiffs (ECF No. 35).   Defendant concedes that he neglected to request confirmation and enforcement of the arbitration award in his earlier prayer for relief.  Def.'s Mot. for Leave to File Pet'n 2.  Defendant asks this Court to grant this motion, citing Federal Rule of Civil Procedure 54. Rule 54(c) directs that all final judgments aside from default judgments "should grant relief to which each party is entitled, even if the party has not demanded that relief in its pleadings."  Fed. R. Civ. P. 54(c).

Because the parties' agreement provided for arbitration under Maryland law, this Court has jurisdiction to enforce the agreement and enter judgment on the arbitration award. MD. CODE. ANN., CTS. & JUD. PROC. § 3-202.  Maryland law requires that this Court confirm the award unless the other party files a motion to vacate it.  Id. § 3-227(b).  In this case, Plaintiffs' Motion to Vacate the Arbitration Award has been denied.  Under Rule 54(c), this Court is instructed to grant the relief that Defendant is entitled to under Maryland law.  For this reason, Defendant's Motion for Leave to File Petition to Confirm and Enforce the Arbitrator's Award and Entry of Judgment Against Plaintiffs (ECF No. 35) is granted.

Accordingly, it is this 21st day of September 2012, ORDERED that:

1.  Plaintiffs' Motion for Reconsideration (ECF No. 37) is DENIED;

2.  Defendant's Motion for Leave to File Petition to Confirm and Enforce the Arbitrator's Award and Entry of Judgment Against Plaintiffs (ECF No. 35) is GRANTED;

3.  Defendant's Petition to Confirm and Enforce the Arbitrator's Award and Entry of Judgment Against Plaintiffs (ECF No. 35) is GRANTED;

4.   The Final Arbitration Award, attached as Exhibit 3 to Defendant's Motion for Leave to File Petition to Confirm and Enforce Arbitrator's Award and Entry of Judgment Against Plaintiffs (ECF No. 35), shall be enforced; and

5.   The Clerk of the Court transmit copies of this Memorandum Order to counsel of record.


/s/_____
Richard D. Bennett
United States District Judge