IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KIRAN M. DEWAN, CPA, P.A. | * | |
| Plaintiff, | * | |
| v. | * | Civil No. RDB-11-2195 |
| ARUN WALIA | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**<u>MEMORANDUM ORDER</u>**

This case arose out of the challenge of the Plaintiffs Kiran Dewan and Kiran M. Dewan CPA, P.A. ("Plaintiff" or "Dewan") to an arbitration award in favor of the Defendant Arun Walia ("Defendant" or "Walia"), a former employee of Dewan.  The Plaintiff initiated arbitration with the American Arbitration Association against Walia alleging breach of a non-compete clause in his employment agreement.  It is undisputed that an earlier release between the parties provided for binding arbitration should a subsequent dispute arise between the parties.  That settlement agreement and release also provided for attorneys' fees and costs in the context of this arbitration.  Ultimately, the arbitrator found in favor of Walia with respect to Dewan's claim and awarded damages to Walia on his counterclaims in the arbitration.

Subsequently, Dewan filed this action challenging the arbitration award in favor of Walia.  In a Memorandum Order (ECF#45) this Court granted the motion of Walia to confirm the arbitration award and enter judgment against Dewan.  In light of this Court upholding the arbitration award, this Court awarded attorneys' fees to Walia consistent with the terms of the release (ECF#49).  The U.S. Court of Appeals for the Fourth Circuit in a 2-1 decision ultimately vacated this Court's judgment and held that the arbitrator had erred in awarding counterclaim damages to Walia (ECF#139).  The Fourth Circuit in vacating this Court's judgment remanded the case with

instructions that this Court vacate the arbitration award. Ultimately, Walia's Petition for Writ of Certiorari to the U.S. Supreme Court was denied. This Court then entered an order vacating its earlier order, granting the Plaintiff's original petition to vacate the arbitration award and vacating the earlier arbitration award (ECF#162).

Presently pending before this Court is Dewan's Motion for Attorneys' Fees and Costs (ECF#154). Walia has opposed this request and the matter has been fully briefed by the parties. No hearing is necessary. Local Rule 105.6 (D. Md. 2014) For the reasons that follow, said motion (ECF#154) is DENIED.

Initially, the Defendant Walia has aptly noted that each party to litigation pays his or her attorneys' fees unless a statute or contract provides otherwise. *Hardt v. Reliance Standard Life Insurance Co.*, 130 S. Ct. 2149, 2156-57 (2010). The Plaintiff Dewan has correctly noted that this Court originally awarded attorneys' fees to Walia when ruling in his favor. However, this was in the context of upholding the arbitration award and awarding fees in connection with that arbitration. This Court, upon order of the Fourth Circuit, has now VACATED that award. There is no standing arbitration award in this case. The Plaintiff Dewan prevailed in this litigation in having the arbitration award he originally sought be vacated. However, he is not a prevailing party in any arbitration action addressing the respective rights of the parties.

Furthermore, even if Dewan were to be viewed as a prevailing party, the Defendant Walia has quite correctly noted application of the unclean hands doctrine in this matter. Six weeks after the Fourth Circuit remanded this case Dewan plead guilty in this Court to fraud in connection with his business relationship with Walia. *See* Plea Agreement, ECF #90, *U.S. v. Dewan*, Crim. No. WDQ-12-400 (D. Md. Dec. 13, 2013).[1] A Plaintiff is prevented from utilizing this Court to

---

[1] *See U.S. v. Dewan* WDQ-12-400 ECF#90 (D. Md. December 13, 2013.) Dewan was sentenced to imprisonment for a term of 24 months. (ECF#137) He surrendered to the Bureau of Prisons on January 12, 2015. (ECF#164)

perpetrate fraudulent conduct. *See Hicks v. Gilbert,* 762 A.2d 986 (MD. 2000); s*ee also Worldcom, Inc. v. Boyne*, 68 F. App'x 447 (4th Cir. June 25, 2003) (unpublished opinion).

This Court holds that Dewan is not a prevailing party in the context of any arbitration award and that his plea of guilty to criminal charges precludes his receipt of attorneys' fees. Accordingly, this Court need not address the reasonableness of those attorneys' fees. However, it should be further noted that Dewan has not fully complied with Local Rule 109.2(b)(D. Md. 2014) in connection with the submission of his request.

Accordingly, IT IS HEREBY ORDERED this 6th day of March, 2015 that the Plaintiff's Motion for an Award of Attorneys' Fees and Costs (**ECF#154**) is **DENIED**.

　　　　　　　　　　　　　　　　　　_____/s/_____
　　　　　　　　　　　　　　　　　　Richard D. Bennett
　　　　　　　　　　　　　　　　　　U.S. District Judge